918 So.2d 850 (2005)
Jerold Wayne SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02436-COA.
Court of Appeals of Mississippi.
October 11, 2005.
Rehearing Denied January 17, 2006.
*851 Jerold Wayne Smith, Appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On September 23, 2003, Jerold Wayne Smith filed an application in the Circuit Court of Jackson County to correct the record regarding his 1975 conviction of aggravated assault. He sought an order correcting the record to reflect that he was not represented by counsel when he was convicted and sentenced in 1975.[1] The circuit court, finding that it had previously denied such a motion by Smith, denied the motion as meritless. Smith appeals, asserting the following issues: (1) whether these proceedings should be controlled by Mississippi Code Annotated section 99-39-1, or by the procedures existing when Smith first sought a transcript of his trial proceedings in 1976; (2) whether Smith's claims should be exempted from the State's time and procedural bars under Mississippi Code Annotated sections 99-39-5(2) and 99-39-23(6); (3) whether the court erred by denying Smith's application to correct record without considering his new evidence or holding an evidentiary hearing; (4) whether the court erred by relying on null and void evidence to deny Smith's application or, by finding that the court lacked jurisdiction, and (5) whether Rule 60(b) of the Mississippi Rules of Civil Procedure is applicable.
¶ 2. Because we lack jurisdiction, we dismiss the appeal.

STANDARD OF REVIEW
¶ 3. Our standard of review of a trial court's denial of post-conviction relief is well settled. "When reviewing a lower court's decision to deny a petition for post-conviction relief, [we will] not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598 (¶ 6) *852 (Miss.1999) (citing Bank of Miss. v. S. Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

ANALYSIS AND DISCUSSION
¶ 4. It is not necessary that we address each issue raised by Smith, for, as discussed below, we find that the trial court did not have jurisdiction to consider Smith's application for correction of the record. Therefore, this Court also lacks jurisdiction.
¶ 5. Apparently recognizing that the procedural bars contained in Mississippi Uniform Post-Conviction Collateral Relief Act (Mississippi Code Annotated sections 99-39-1 through 99-39-29 (Rev. 2000)) are fatal to his chance of obtaining appellate review of the denial of his application, Smith argues in his first issue that his application to correct the record should not be considered under the provisions of the act, because in 1976, he sought a copy of his trial transcript, and the trial court never ruled on his request. He says that request was ultimately passed to the court's inactive files in 1978. Smith contends that the passing of that request to the files had the effect of either tolling the three-year statute of limitations or leaving the matter pending. In either event, Smith argues that he should not be procedurally barred from appellate review. We disagree.
¶ 6. Even if Smith's 1976 application or motion for a transcript of his trial proceedings could be considered as tolling the three-year statute of limitations (which it does not), his current application, as we discuss below, is still procedurally barred. In fact, there are several bars which preclude our consideration of his appeal.
¶ 7. First, Smith had no standing to file the application in the trial court since he was not in custody under his 1975 sentence for aggravated assault when he filed his application. MISS.CODE ANN. § 99-39-5(1) (Supp.2004). While the record does not reflect when Smith was released from incarceration on the 1975 sentence, it is clear that he was not in custody under that sentence on September 23, 2003, the day he filed his application to correct the record.
¶ 8. Second, even if Smith had standing to file the current application, he is still procedurally barred from doing so. He filed his current application twenty-eight years after he was convicted and sentenced for the 1975 aggravated assault. An inmate has three years following his conviction to file a motion for post-conviction relief. However, since Smith's 1975 conviction occurred prior to the enactment of the Mississippi Uniform Post-Conviction Collateral Relief Act, he had three years from the effective date of the act, or until April 17, 1987, to file his motion or application for post-conviction relief.[2] MISS.CODE ANN. § 99-39-5(2) (Supp.2004).
¶ 9. Smith also maintains that he is exempted from the three-year statute of limitations set forth in section 99-39-5(2) because of an affidavit, dated November 19, 1997, from David Barnett which states that Barnett never represented Smith. Smith maintains that Barnett's affidavit is newly discovered evidence, not reasonably discoverable at trial, which would have caused a different result in Smith's conviction or sentence if it had been introduced at trial.
¶ 10. Newly discovered evidence, not reasonably discoverable at the time of trial, which is of a nature that probably *853 would have caused a different result in the conviction or sentence, is an exception to the three-year statute of limitations set forth in section 99-39-5. MISS.CODE ANN. § 99-39-5(2) (Supp.2004). Assuming arguendo that Barnett did not represent Smith during Smith's 1975 trial for aggravated assault, this fact does not qualify as newly discovered evidence. Surely if Smith was present for his 1975 trial (and he does not claim that he was not), he knew then that he was either not represented by an attorney, represented by Barnett, or represented by another attorney. Therefore, notwithstanding Barnett's affidavit, Smith is not entitled to an exemption from the three-year bar.
¶ 11. Moreover, even if Smith qualified for an exemption from the three-year bar because of newly discovered evidence, his application would still be barred by the successive writ bar provided in section 99-39-23(6). Smith admits in his application that this very same issue was presented to the trial court, via a motion for post-conviction relief in 1994, and the trial court rejected his contention, finding instead that Smith was represented by David Barnett during Smith's 1975 trial. Smith further admits that the trial court's 1994 decision was appealed to the Mississippi Supreme Court and was affirmed in an unpublished opinion. Therefore, since Smith has filed a prior motion to correct the record, his current application constitutes a successive writ which is prohibited by Mississippi Code Annotated section 99-39-23(6) (Supp.2004).
¶ 12. There is no need for us to consider any of Smith's other issues, as we find that his application to correct the record was subject to review under the Mississippi Uniform Post-Conviction Collateral Relief Act. Therefore, based on the foregoing discussion, we dismiss Smith's appeal for lack of jurisdiction. The trial judge had no jurisdiction to hear Smith's second application for post-conviction relief, and we acquired none.
¶ 13. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING, C. J., BRIDGES AND LEE, P. JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Attached to Smith's "Application to Correct Record" is an affidavit from David Barnett attesting that Barnett did not represent Smith in Smith's 1975 aggravated assault trial.
[2] The Mississippi Uniform Post-Conviction Collateral Relief Act became effective April 17, 1984.