942 So.2d 231 (2006)
Christopher CARBIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00819-COA.
Court of Appeals of Mississippi.
May 16, 2006.
Rehearing Denied September 12, 2006.
*232 Christopher Carbin, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Christopher Carbin pled guilty to three counts of kidnaping, armed robbery, jail escape, conspiracy to commit jail escape, aggravated assault on a law enforcement officer, and grand larceny. He was sentenced to serve a total of forty-five years in the custody of the Mississippi Department of Corrections. He filed his petition for post-conviction relief, which was dismissed by the Honorable Andrew C. Baker as both time-barred and as a successive writ. On appeal, Carbin argues that: (1) his sentence is illegal, (2) the indictment failed to allege an essential element, and (3) his attorney was ineffective. We find no error and affirm.

FACTS
¶ 2. Carbin went to trial on an eight count indictment for a series of crimes connected with a jail escape. On the second day of trial, April 25, 1988, he decided to plead guilty to all counts. He noted several times that he was pleading to all counts. At one point, he claimed he was not actually guilty of one of the kidnaping charges (kidnaping John Blakely), the aggravated assault charge and the conspiracy charge. The judge asked him to explain, and he admitted to being a principal in Blakely's kidnaping and the conspiracy charge, and to aiding and abetting on the aggravated assault charge. Later he continued to plead guilty to all counts.
¶ 3. In 1989, he filed a motion for post-conviction relief that was denied. He did *233 not appeal. In 1994, he filed a second motion for post-conviction relief that was denied. He appealed, and the supreme court affirmed. On December 10, 2004, Carbin filed this latest motion for post-conviction relief. The court denied the motion as time-barred, a successive writ, and without merit.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
¶ 5. Generally, a prisoner is barred from bringing a successive motion for post-conviction relief. Miss.Code Ann. § 99-39-23(6) (Supp.2005). There are four listed exceptions. Id. Of these, Carbin claims there is an intervening United State Supreme Court decision which would have caused a different result in his sentence, and his probation and parole have been unlawfully revoked. Id. We turn now to the only issue under which he raises these two exceptions.
I. Illegal sentence
¶ 6. Carbin complains that his sentence is illegal on several grounds: (1) he was sentenced in violation of his right to a trial by jury, (2) he was sentenced to a term more than life in violation of Mississippi Code Annotated section 97-3-79, (3) there was no proof that he was an habitual offender, and (4) he did not plead guilty to the kidnaping of Blakely, aggravated assault, or conspiracy. However, he only claims that one of these sub-issues survives the successive writ bar.
A. Did the sentence violate Carbin's Sixth Amendment right to a jury trial?
¶ 7. Carbin cites us to the decisions of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He argues that these cases show that the State's procedure for increasing a sentence under the Habitual Offender Statute violates the Sixth Amendment right to a trial by jury. He also argues that this issue also falls under the "unlawfully revoked parole" exception. Since the Habitual Offender Statute prevented him from parole eligibility, and the statute violates the Sixth Amendment, he argues his parole has been unlawfully revoked. The State argues that both cases except habitual offender statutes from their holdings.
¶ 8. By pleading guilty, Carbin waived his right to a jury trial. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). Therefore, he has no standing to claim his right to a jury trial was violated. We affirm the lower court's holding that this issue is barred as a successive writ.
II. Did the indictment fail to allege an essential element of the crime of kidnaping?
III. Was Carbin's attorney unconstitutionally ineffective?
¶ 9. It is the burden of the defendant to prove by a preponderance of the evidence that his claims are not barred as successive writs. Miss.Code Ann. § 99-39-23(7) (Supp.2005). Carbin does not even allege that these issues survive the successive writ bar. Therefore, we affirm the lower *234 court's holding that Carbin's remaining arguments are barred as well.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.