963 So.2d 47 (2007)
Alaric BLACK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00807-COA.
Court of Appeals of Mississippi.
August 21, 2007.
Alaric Black, Appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., GRIFFIS and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Alaric Black appeals the Lee County Circuit Court's denial of his petition for post-conviction relief. On appeal, Black asserts that he is serving an illegal sentence because of a defective indictment and ineffective assistance of counsel. Finding Black's claims are procedurally barred, this Court affirms the denial of post-conviction relief.

FACTS
¶ 2. On November 21, 1995, Black was indicted by a Lee County Grand Jury for the sale of a controlled substance within 1500 feet of a school, in violation of the Uniform Controlled Substance Law of the State of Mississippi, Mississippi Code Annotated Sections 41-29-101 to -187 (Rev. 2005). On August 8, 1996, Black pled guilty to the offense and was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections.
¶ 3. Black filed a motion for post-conviction relief, asserting that his indictment was ineffective because it was not marked "filed" by the court and because it did not contain an affidavit from the jury foreman. This post-conviction relief request was denied on July 7, 1997.
¶ 4. Black filed a second motion for post-conviction relief on April 26, 2005. Black argued that the Lee County Circuit Court lacked jurisdiction to initially sentence him, that there existed material facts not previously presented before the Court, and Black reargued that his indictment was defective. The court denied post-conviction relief on May 26, 2005. The trial court found that Black's motion was untimely filed outside of the three years allowed for post-conviction relief motions, Black's motion was a successive writ, and that there was no merit to Black's claims.
¶ 5. On June 20, 2005, Black filed a motion for rehearing on the denial of his second post-conviction relief motion. This motion was denied on April 10, 2006. The court found this motion was his third filing for post-conviction relief and that it was procedurally barred as successive writ. The court also stated that Black's claims were without merit and a hearing was not required.
¶ 6. On May 3, 2006, Black filed an appeal of the final judgment entered on the motion for rehearing.

*49 STANDARD OF REVIEW
¶ 7. This Court reviews denials of post-conviction relief motions under a clearly erroneous standard. Donnelly v. State, 887 So.2d 833, 835(¶ 6) (Miss.Ct.App. 2004). Questions of law, however, are reviewed de novo. Smith v. State, 918 So.2d 850, 851(¶ 3) (Miss.Ct.App.2005).

ANALYSIS
Whether Black's claims are procedurally barred.
¶ 8. The denial of a post-conviction relief motion is a final judgment and bars subsequent requests for post-conviction relief unless (1) there are issues with the defendant's supervening insanity prior to the execution of a death sentence, (2) there has been an intervening decision of the United States Supreme Court or of the Mississippi Supreme Court, which would require a different outcome or sentence, (3) there is newly discovered evidence, which was not previously discoverable, that would have been practically conclusive if it were available at trial, or (4) the defendant claims that his sentence has expired, or his probation, parole, or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-23(6) (Supp.2006).
¶ 9. The circuit court dismissed Black's claims on March 10, 2006, finding that the claims were procedurally barred as a successive writ, as well as finding the claims were without merit and the court was without authority to reduce or modify Black's lawfully imposed sentence after he already had begun to serve that sentence.
¶ 10. Black's claims were his third request for post-conviction relief. He carried the burden of proving that he satisfied at least one of the exceptions to Section 99-39-23(6) in order to survive the procedural bar. See Carbin v. State, 942 So.2d 231, 233(¶ 9) (Miss.Ct.App.2006). Black also had to prove that, even if he satisfied an exception, the trial court had not previously decided on the merits of those claims. Stone v. State, 872 So.2d 87, 89(¶ 13) (Miss.Ct.App.2004).
¶ 11. Black fails his burden of production by not providing any evidence or facts that would satisfy any of the exceptions to the successive writ bar. Likewise, this Court's review of the record shows no evidence of facts that would satisfy the successive writ bar exceptions. Black's request for post-conviction relief is procedurally barred as a successive writ, and this Court affirms the denial of post-conviction relief.
¶ 12. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.