GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Sammie Johnson appeals the circuit court’s denial of his motion for post-conviction collateral relief. He claims that newly-discovered evidence requires this Court to vacate his conviction and sentence. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Johnson, along with Darryl Swanier and Diane Luellen, was indicted on a charge of capital murder pursuant to Mississippi Code Annotated section 97-3-19(2)(d) (Rev.2006) following the murder of Bobby McGregor. On August 19, 2002, Johnson entered a guilty plea to capital murder, and the circuit court sentenced Johnson to life in the custody of the Mississippi Department of Corrections without the possibility of parole.
 

 
 *964
 
 ¶ 3. Subsequently, Johnson filed three separate motions for post-conviction collateral relief. There was no appeal taken from the denial of his first two motions. He appealed the circuit court’s denial of his third motion for post-conviction collateral relief to this Court; we affirmed his conviction and sentence because his appeal was untimely filed and his motion was proeedurally barred as a successive writ.
 
 Johnson v. State,
 
 962 So.2d 87, 88 (¶ 1) (Miss.Ct.App.2007).
 

 ¶4. Johnson then filed a motion titled “Application for Leave to File Successive Motion for Post-Conviction Collateral Relief to Vacate and Set Aside Sentence and Conviction.” The circuit court treated this motion as Johnson’s fourth motion for post-conviction collateral relief. The motion was denied as time-barred and as a successive writ. The circuit court further found that, notwithstanding the procedural bar, Johnson’s claims were without merit. Johnson appeals the circuit court’s denial of his motion.
 

 STANDARD OF REVIEW
 

 ¶ 5. A trial court’s denial of post-conviction collateral relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 6. Johnson presents several arguments as to why his conviction and sentence should be vacated — his sentence is illegal; he did not waive indictment; a jury did not set his sentence; there was no factual basis for his plea; his plea was not knowingly and voluntarily entered; he was represented by only one defense attorney; and his counsel was ineffective. However, the Mississippi Uniform Post-Conviction Collateral Relief Act contains the following prohibition against successive writs:
 

 The order as provided in subsection (5) of this section or
 
 any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.
 
 Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the convict’s supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the petitioner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence
 
 or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.
 
 Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are those cases in which the petitioner has filed a prior petition and has requested DNA testing under this article, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the
 
 *965
 
 availability of more advanced DNA technology.
 

 Miss.Code Ann. § 99-39-23(6) (Supp.2009) (emphasis added). Johnson has filed three motions for post-conviction collateral relief prior to this motion; therefore, his claims are barred by Mississippi Code Annotated section 99-39-23(6).
 

 ¶ 7. Johnson contends that there is newly-discovered evidence that excepts his fourth motion from the Act’s bar against successive writs. Johnson presented an affidavit by Swanier, in which Swanier admits that he, not Johnson, killed McGre-gor. The affidavit further states that Johnson did not hire Swanier to kill McGregor. Johnson claims that this is newly-discovered evidence that proves that he did not murder McGregor; therefore, he is innocent of the charge of capital murder.
 

 ¶ 8. However, Johnson was convicted of capital murder upon his plea of guilty. Johnson swore, under oath, that he was guilty of McGregor’s murder. He admitted that the facts alleged in the indictment were true and correct.
 
 [1]
 
 The following exchange occurred during Johnson’s plea colloquy:
 

 Q: Do you understand that in pleading guilty to the crime of capital murder, you are admitting that you did, in fact, commit this crime?
 

 A: Yes, sir.
 

 Q: All right. Are you telling the Court that you are guilty of this crime?
 

 A: Yes, sir.
 

 [[Image here]]
 

 Q: I’m going to read from the indictment in this case, and I’m going to ask you if what is alleged in the indictment is substantially true and correct as it’s alleged, the facts alleged in the indictment.
 

 Do you understand that it’s alleged that on or about the 2nd day of October, 2001, while in Marshall County, Mississippi, that you and others, for the purpose of effecting the death, did kill and murder Bobby McGregor and that this was done as a part of an agreement for which you and others were to receive payment for that — for completing that murder? Do you understand that allegation as contained in the indictment?
 

 A: Yes, sir.
 

 Q: Do you agree that what’s alleged in the indictment is substantially true and correct as stated in the indictment?
 

 A: Yes, sir.
 

 ¶ 9. Mississippi Code Annotated section 99-39-23(6) exempts from the procedural bar against successive writs that evidence which was “not reasonably discoverable
 
 at the time of trial,
 
 which is of such nature that it would be practically conclusive that,
 
 if it had been introduced at trial,
 
 it would have caused a different result in the conviction or sentence.” (Emphasis added). As this Court held in
 
 Chancy v. State,
 
 938 So.2d 267, 269 (¶ 9) (Miss.Ct.App.2005):
 

 Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. When a defendant pleads guilty, he is admitting that he committed the offense.
 
 There
 
 
 *966
 

 fore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.
 

 (Emphasis added). Johnson’s sworn testimony in which, he admitted that he was guilty of the murder of McGregor negates his current claim that there is newly-discovered evidence that proves his innocence.
 

 ¶ 10. The procedural bar is determinative of this appeal. Notwithstanding that fact, we further find that Johnson’s claim has no merit because Swanier’s affidavit does not meet the requirements necessary to grant a new trial based on newly-discovered evidence.
 

 ¶ 11. We have stated that:
 

 In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence 1) will probably change the result if a new trial is granted, 2) has been discovered since the trial, 3) could not have been discovered before the trial by the exercise of due diligence, 4) is material to the issue, and 5) is not merely cumulative, or impeaching.
 
 Moore v. State,
 
 508 So.2d 666, 668 (Miss.1987). Mississippi case law requires that the proponent of the newly discovered evidence satisfy all of the prerequisites of the above-stated rule before a reversal can be granted.
 

 Witherspoon v. State,
 
 767 So.2d 1065, 1067 (¶ 6) (Miss.Ct.App.2000).
 

 ¶ 12. Johnson does not explain how he discovered this new testimony by Swanier, nor does he explain why this information could not have been discovered before he entered his guilty plea. Johnson, Swanier, and Luellen were indicted as co-defendants. All three were charged as principle parties to the murder under Mississippi Code Annotated section 97 — 3—19(2)(d). Thus, Swanier’s statement that he killed McGregor does not exculpate Johnson from the crime charged.
 

 ¶ 13. Swanier’s statement that Johnson did not hire him to commit the murder is also insufficient to show that a new trial would effect a different result in this case. The indictment — that Johnson stated was true and correct — states that Swanier “received something of value” from Johnson for committing the murder. It is reasonably possible that Swanier could have received something of value from Johnson and still claim that he was not hired to commit the murder. Such ambiguity in the affidavit prevents Johnson from proving that this alleged new evidence would have resulted in a different outcome. As the proponent of this proposed newly-discovered evidence, Johnson has failed to satisfy the prerequisites listed above; thus, his claim has no merit.
 

 ¶ 14. Johnson’s fourth motion for post-conviction collateral relief is a successive writ; thus, it is procedurally barred from review. Accordingly, the judgment of the circuit court is affirmed.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. IRVING, J„ CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . We note that Johnson did not enter an
 
 Alford
 
 plea, or a best-interest plea, in which he maintained his innocence. Instead, he fully
 
 admitted
 
 his guilt to the crime charged in the indictment.