# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01208-COA

**BOBBY C. SANDERS JR. A/K/A BOBBY C. SANDERS A/K/A BOBBY SANDERS**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BOBBY C. SANDERS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 07/28/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

### PROCEDURAL HISTORY

¶1.     On February 27, 2002, Bobby C. Sanders Jr. pleaded guilty to armed robbery. He was sentenced to forty years, with five years suspended and thirty-five years to serve in the custody of the Mississippi Department of Corrections.

¶2.     On August 8, 2014, Sanders filed a motion entitled "petition for writ of habeas corpus [and] motion to vacate conviction and sentence." Treating this as a petition for postconviction relief (PCR), the trial court dismissed Sanders's petition finding it was time-

barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp. 2014). The trial court also found no exceptions to the time-bar existed.

¶3. Sanders appeals, asserting the time-bar was inapplicable, and the trial court should have conducted an evidentiary hearing.

## STANDARD OF REVIEW

¶4. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

### I.    TIME-BAR EXCEPTION

¶5. Sanders contends the three-year time-bar in section 99-39-5 is inapplicable because of newly discovered evidence. *See* Miss. Code Ann. § 99-39-5(2)(a)(i). Sanders's evidence supporting this claim is an affidavit by Gerome Moore. Moore committed the armed robbery with Sanders and another man, Elias Gunn. In this affidavit, dated February 25, 2010, Moore contended Sanders was not present during the armed robbery. This Court affirmed Moore's armed-robbery conviction in *Moore v. State*, 858 So. 2d 190, 196 (¶18) (Miss. Ct. App. 2003). In *Moore*, we noted that Moore gave two statements and wrote a letter to the district attorney prior to trial in which he admitted his and Sanders's participation in the armed robbery. *Id*. at 192-93 (¶¶5-6). Additionally, during Moore's trial, Moore and Gunn testified under oath that Sanders was the one who actually shot the victim during the armed robbery.

2

*Id*. at 195 (¶15).

¶6.     We have stated:

> In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence (1) will probably change the result if a new trial is granted, (2) has been discovered since the trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material to the issue, and (5) is not merely cumulative, or impeaching.

*Johnson v. State*, 39 So. 3d 963, 966 (¶11) (Miss. Ct. App. 2010) (citations omitted).  In this instance, Sanders has failed to meet these requirements, especially the first requirement.  Sanders cannot show that this affidavit from Moore would change the result if a new trial was granted.  Any testimony from Moore would be impeached by his sworn testimony at his own trial as well as his three pretrial statements.  As this Court stated in *Johnson*, "[the defendant's] sworn testimony in which he admitted that he was guilty of the murder of [the victim] negates his current claim that there is newly[]discovered evidence that proves his innocence." *Id*. at 966 (¶9); *see also Massey v. State*, 131 So. 3d 1213, 1219 (¶27) (Miss. Ct. App. 2013).

¶7.     Sanders also contends that a fundamental right was affected; thus, the time-bar does not apply.  *See Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010) ("[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act.]").  We find this exception inapplicable to Sanders's case.

¶8.     This issue is without merit.

       II.     EVIDENTIARY HEARING

¶9.     Sanders also contends the trial court should have conducted an evidentiary hearing.

3

However, since we have found no exception to the time-bar, we cannot find that the trial court abused its discretion in failing to conduct an evidentiary hearing. This issue is without merit.

¶10. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. WILSON, J., NOT PARTICIPATING.**