# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00234-COA

SAMMIE LEE JOHNSON A/K/A SAMMIE JOHNSON

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

DATE OF JUDGMENT: 01/15/2015
TRIAL JUDGE: HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED: MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: SAMMIE LEE JOHNSON (PRO SE)
ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: SCOTT STUART
JASON L. DAVIS
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION: DISMISSED MOTION FOR POST-CONVICTION COLLATERAL RELIEF
DISPOSITION: AFFIRMED - 05/10/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE, FAIR AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Sammie Lee Johnson appeals the dismissal of his fifth motion for post-conviction relief (PCR). Because we find his motion is successive, untimely, not excepted from the successive-writ bar nor the time-bar, barred by res judicata, and without merit, we affirm the circuit court's dismissal.

## FACTS AND PROCEEDINGS BELOW

¶2. On August 19, 2002, Johnson pleaded guilty to capital murder, and was sentenced to

life without the possibility of parole.

¶3. Johnson filed four previous PCR motions, and all four were denied. Johnson appealed his third and fourth denial to this Court. Both times we affirmed the denial of PCR because his appeal was untimely filed, his motion was procedurally barred as a successive writ, and it was without merit. *Johnson v. State* (*Johnson II*), 39 So. 3d 963, 964-66 (¶¶1, 6, 10-14) (Miss. Ct. App. 2010); *Johnson v. State* (*Johnson I*), 962 So. 2d 87, 88-89 (¶¶1, 9-12) (Miss. Ct. App. 2007).

¶4. Johnson filed his fifth PCR motion, presently before this Court, titled "Application for Leave to Proceed in the Trial Court of Marshall County With Motion for Post-Conviction Relief Pursuant to Miss. Code Ann. 99-39-1 et al." Being substantially the same as the fourth PCR motion before the Court in *Johnson II*, the motion was denied by the circuit court as time-barred and a successive writ. Johnson again appeals the circuit court's denial of his motion to this Court.

## DISCUSSION

¶5. A trial court's denial of PCR will not be reversed absent a finding that the trial court's decision was clearly erroneous; however, when reviewing issues of law, this Court's proper standard of review is de novo. *Russell v. State*, 73 So. 3d 542, 544 (¶5) (Miss. Ct. App. 2011).

¶6. On appeal, Johnson argues the following: his claims are not procedurally barred; he was denied due process of law; his counsel was ineffective; error occurred because he was represented by only one attorney; his plea was not knowing, intelligent, and voluntary; and

the cumulative effect of errors denied him a fair trial. These exact issues were already addressed by this Court in *Johnson II* and are procedurally barred as a successive writ, time-barred, and barred by the doctrine of res judicata. *Johnson II*, 39 So. 3d at 964, 966 (¶¶6, 14).

## I. Res Judicata

¶7. In applying the doctrine of res judicata, there are four elements that must be identical for the doctrine to apply: subject matter, cause of action, parties, and quality or character of the person sued. *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090 (¶10) (Miss. 2009). After a thorough review and comparison, it is obvious that res judicata applies to Johnson's claims because the parties and issues before this Court are exactly the same as in *Johnson I* and *Johnson II*.

## II. Successive Writ

¶8. Under the Uniform Post-Conviction Collateral Relief Act (UCCPRA), an order "denying relief . . . is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2015). The movant bears the burden of "prov[ing] by a preponderance of the evidence that his claims are not barred as successive writs." *Robinson v. State*, 19 So. 3d 140, 144 (¶16) (Miss. Ct. App. 2009) (citing *Carbin v. State*, 942 So. 2d 231, 233 (¶9) (Miss. Ct. App. 2006)).

¶9. Johnson's present PCR motion is his fifth and, without question, successive to his fourth. So we now look to see whether he has raised any viable exception to the successive-writ bar.

### A. Exceptions to the Successive-Writ Bar

¶10. When a successive PCR motion is filed, "the burden falls on the movant to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)). Mississippi Code Annotated section 99-39-23(6), in pertinent part, has an exception for newly discovered evidence. Also, "[e]rrors affecting fundamental rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White*, 59 So. 3d at 636 (¶11) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). Johnson fails to provide any legitimate reason the successive-writ bar should not apply, and we find none. We also find no merit to his claims. But because Johnson insists that newly discovered evidence exists, we briefly address this exception.

### B. Newly Discovered Evidence

¶11. Newly discovered evidence must be "evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-23(6). The newly-discovered-evidence exception does apply to situations where a defendant pleaded guilty. *Chancy v. State*, 938 So. 2d 251, 252-253 (¶4) (Miss. 2006). However, similar to the outcome of *Chancy*, we find the exception does not apply to Johnson because the alleged "newly discovered evidence"—the information contained in the affidavit of his codefendant—is not newly discovered evidence. *See id*. at

4

253 (¶15).

¶12. Also in *Johnson II*, this Court found that Johnson's affidavit failed to meet the requirements of newly discovered evidence because he "[did] not explain how he discovered this new testimony by [his codefendant], nor [did] he explain why this information could not have been discovered before he entered his guilty plea." *Johnson II*, 39 So. 3d at 966 (¶12). Therefore, we also find that Johnson's claim of newly discovered evidence is barred by the doctrine of res judicata.

### III. Time-Bar

¶13. Additionally, the UPCCRA has a three-year statute of limitations. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Johnson's motion was filed well after the statute had run, and is therefore time-barred. The statute of limitations has several exceptions that are substantively identical to those for the successive-writ bar. *See id*. at § 99-39-5(2)(a)-(b). But again, Johnson's motion does not fit an exception for the reasons already discussed.

### IV. Due Process and Ineffective Assistance of Counsel

¶14. Johnson contends that his attorney was constitutionally deficient for: failing to object to Johnson's sentence being illegal; misinforming him of the elements of the capital-murder charge; threatening him with the death penalty if he did not plead guilty; allowing him to plead guilty on a defective indictment; failing to inform him of his rights before and during the plea-agreement hearing; failing to inform him that he would receive a life sentence without parole if he pleaded guilty; and telling him his codefendant, Darryl Swanier, would testify against him if he went to trial. Johnson also contends the circuit court violated his due-

process rights by failing to address the issues of his ineffective-assistance-of-counsel claim and by sentencing him to life without parole without putting the sentencing to a jury. We view Johnson's due-process and ineffective-assistance-of-counsel claims as one, and find them without merit. Further, we ruled on these exact claims in Johnson's fourth PCR motion. *Johnson II*, 39 So. 3d at 965-66 (¶¶6-14). Therefore, we also find that they are barred by the doctrine of res judicata.

¶15. Successfully claiming ineffective assistance of counsel requires proving counsel's performance was deficient, and that the outcome of trial would have been different but for the deficiency. *Leatherwood v. State*, 473 So. 2d 964 (Miss. 1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Johnson fails to meet his burden to show that his counsel was deficient or that a deficient performance prejudiced the outcome of his trial.

¶16. Johnson's sentence of life without parole is the statutory minimum sentence allowed for capital murder, and it is far below the maximum penalty allowed—death. *See* Miss. Code Ann. § 97-3-21 (Rev. 2014). Johnson's sentence is legal. Johnson was charged in the indictment with murder as a principal, not an accessory after the fact, and admitted the facts stated in the indictment were substantially true. Johnson's indictment was not defective. Johnson entered a guilty plea with a sentencing recommendation from the district attorney's office, and Johnson stated that he understood that the court accepting his guilty plea to capital murder meant the minimum sentence would be life without parole. Johnson's petition for a guilty plea—which he signed under oath—stated that his counsel informed him of the minimum sentence: life without parole. *See* Miss. Code Ann. § 97-3-21; Miss. Code Ann.

6

§ 47-7-3 (Rev. 2015).

¶17. The circuit court judge recited to Johnson his rights, the charge against him, and the elements of the charge. Johnson also verbally acknowledged to the judge that he understood his rights, the charge, and that the minimum sentence was life without parole. Johnson's plea petition states his rights, that he was aware of them, and that his attorney informed him of the elements of the charge. Further, Johnson's indictment also lists the elements of the charge.

¶18. Johnson asserts that defense counsel and the prosecution led him to believe that Swanier would testify against him in the event they went to trial, and that their representation to him caused him to enter a plea. Johnson offers no evidence to support this claim. Thus, it is without merit.

¶19. The trial court is not required to send the issue of sentencing to the jury in a capital-murder case if the State is not seeking the death penalty because the only other option is a sentence of life without parole. *Pham v. State*, 716 So. 2d 1100, 1103 (¶21) (Miss. 1998). The circuit court did not need to address Johnson's ineffective-assistance-of-counsel claim because it is procedurally barred as a successive writ and by the doctrine of res judicata. Still, it is clear Johnson fails to meet either prong of the *Strickland* test.

### V. Representation by Only One Attorney

¶20. Johnson asserts that his being represented by only one attorney prejudiced his defense. Johnson does not provide any authority to reinforce this claim. Failure to cite any authority may be treated as a procedural bar, and the Court is under no duty to consider assignments of error in such instances. *Williams v. State*, 708 So. 2d 1358, 1361 (¶12) (Miss. 1998). This

Court finds this issue is procedurally barred and without merit.

## VI.    Cumulative-Errors Doctrine

¶21.    Lastly, Johnson argues that the cumulative effect of errors denied him a fair trial. The cumulative-errors doctrine can only be considered where individual errors have occurred. *Harding v. State*, 17 So. 3d 1129, 1133 (¶13) (Miss. Ct. App. 2009). Given that we find no individual error, we therefore find no merit to this argument, as it can only be considered when there have actually been individual errors.

## CONCLUSION

¶22.    Johnson's fifth PCR motion is a successive writ and, therefore, it is procedurally barred from review. Further, the issues raised by Johnson were previously addressed by this Court and are barred by the doctrine of res judicata. Accordingly, the judgment of the circuit court is affirmed.

¶23.    **THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**