MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Fredrick Russell appeals the dismissal of his second motion for post-conviction relief (PCR). He argues his recent discovery of a discrepancy between an affidavit supporting a search warrant and an officer’s case report qualifies as newly discovered evidence, excepting this motion from the successive-writ bar. Russell further requests that we reinstate earned-time credits docked by the circuit court upon its finding that Russell’s PCR motion was frivolous. We find Russell’s valid guilty plea waived his right to collaterally attack the search warrant. The waiver aside, Russell has shown only conclusory or impeaching evidence, not newly discov
 
 *544
 
 ered evidence. Thus, we affirm the dismissal and sanction.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On March 9, 2007, agents with the South Mississippi Narcotics Task Force (SMNTF) utilized a confidential informant to make a controlled purchase of forty dollars’ worth of marijuana from Russell. The transaction took place in Russell’s home and was captured on video.
 

 ¶ 3. Based on the marijuana purchase and additional information gained by the informant, the SMNTF obtained a search warrant, which they executed at Russell’s residence. The inventory from the search is not included in the record. But the indictment to which he pled guilty charged that Russell intended to distribute 237.2 grams of marijuana (approximately half a pound). The circuit court sentenced Russell to eight years’ imprisonment.
 

 ¶ 4. Russell filed his first PCR motion on November 26, 2007, arguing his guilty plea was involuntary. The circuit court denied the motion, and this court affirmed the denial on September 21, 2010.
 
 Russell v. State,
 
 44 So.3d 431, 438 (¶ 24) (Miss.Ct. App.2010). Between the submission of the first motion and our September 2010 decision, Russell filed a second PCR motion on May 10, 2010. The circuit court dismissed this motion with prejudice on May 12, 2010, finding it successive. The circuit judge also found the motion frivolous and sanctioned Russell via forfeiture of sixty days of earned-time credit.
 

 STANDARD OF REVIEW
 

 ¶ 5. In considering the dismissal of a PCR motion, we review the circuit court’s findings of fact for clear error.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). When reviewing questions of law, our standard of review is de novo.
 
 Id.
 
 The circuit court may summarily dismiss a PCR motion where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2010).
 
 See also State v. Santiago,
 
 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate “a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009) (citations and quotations omitted).
 

 DISCUSSION
 

 ¶ 6. Russell relies on the newly discovered evidence exception to attempt to circumvent the procedural bar. Miss.Code Ann. § 99-39-23(6) (Supp.2010). He alleges he did not receive discovery from his lawyer until April 2010. And that upon receipt, he noticed SMNTF agent Johnny Smith’s affidavit in support of the search warrant averred that another agent, William Satcher, accompanied the informant during the marijuana purchase. Because Agent Smith’s written report does not mention this fact, Russell suggests this discrepancy is newly discovered evidence of a violation of his fundamental right to be free from unreasonable search and seizures. U.S. Const, amend. IV.
 

 I. WAIVER
 

 ¶ 7. This court previously affirmed the denial of Russell’s attack on the validity of his guilty plea.
 
 Russell,
 
 44 So.3d at 438 (¶ 24). And a voluntary guilty plea waives a movant’s constitutional right to challenge the validity of the search or seizure.
 
 Mason v. State,
 
 42 So.3d 629, 633 (¶ 9) (Miss.Ct.App.2010);
 
 King v. State,
 
 738 So.2d 240, 241 (¶¶ 4-5) (Miss.1999).
 
 *545
 
 So Russell is procedurally barred from his discrepancy-based attack.
 

 II. SUCCESSIVE WRIT
 

 ¶ 8. Russell’s waiver aside, we find his present motion is also successive. This court affirmed the denial of Russell’s first PCR motion on September 21, 2010.
 
 Russell,
 
 44 So.3d at 438 (¶ 24). Prior to that ruling, Russell filed the PCR motion now before us. The circuit court dismissed this motion as successive. Subsequent PCR motions must be dismissed unless an exception to the procedural bar applies. Miss.Code Ann. § 99-39-23(6).
 
 See also Gibson v. State,
 
 49 So.3d 1164, 1165-66 (¶ 6) (Miss.Ct.App.2010). There is a recognized exception for newly discovered evidence. Miss.Code Ann. § 99-39-23(6). However, as discussed below, we find his second PCR motion presents, at most, con-clusory or impeaching evidence, not newly discovered evidence. Thus, his PCR motion is not excepted from this procedural bar.
 

 III. NEWLY DISCOVERED EVIDENCE
 

 ¶ 9. When relying on the exception for newly discovered evidence, the movant must prove that he has evidence, not reasonably discoverable at trial, which would have caused a different result in the conviction or sentence. Miss.Code Ann. § 99-39-23(6). Specifically, to constitute newly discovered evidence the movant must show the evidence: (1) will probably produce a different result or verdict, (2) has been discovered since trial and could not have been discovered before trial by the exercise of due diligence, (3) is material to the issue, and (4) is not merely cumulative or impeaching.
 
 Ormond v. State,
 
 599 So.2d 951, 962 (Miss.1992);
 
 see also Johnson v. State,
 
 39 So.3d 963, 966 (¶ 11) (Miss.Ct.App.2010) (applying these requirements to the exception to the PCR successive-writ bar for newly discovered evidence). Even assuming Russell’s lawyer withheld the report and that it was not reasonably discoverable before he entered his plea, we find the complained-of omission immaterial to Russell’s resulting guilty plea. At most it was impeachment evidence.
 
 See, e.g., Mesarosh v. United States,
 
 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956);
 
 United States v. Reedy,
 
 304 F.3d 358, 372 (5th Cir.2002) (upholding district court’s denial of motion for new trial based on newly discovered impeachment evidence).
 

 ¶ 10. We certainly cannot make the conclusory leap that the discrepancy or inconsistency invalidated the search warrant. The legal standard for challenging a search warrant affidavit is found in
 
 Franks v. Delaware,
 
 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Under
 
 Franks,
 
 a search warrant may be challenged if (a) the defendant makes a substantial preliminary showing that the affiant made a false statement knowingly and intentionally or with reckless disregard for the truth, and (b) the allegedly false statement was necessary to the finding of probable cause.
 
 Id.
 
 at 155-56, 98 S.Ct. 2674. The defendant’s claims must be more than concluso-ry.
 
 Id.
 
 at 171, 98 S.Ct. 2674.
 

 ¶ 11. Agent Smith’s affidavit indicates the informant who accompanied Agent Satcher had personal knowledge of Russell’s drug dealing and had recently made a controlled marijuana purchase from Russell’s residence. While Agent Smith’s case report describes the informant traveling to Russell’s house equipped with audiovisual equipment, it does not explicitly mention whether the informant was alone or accompanied by an agent. This inconsistency, by itself, shows neither a knowing or reckless disregard for the truth. And based on the evidence of the controlled
 
 *546
 
 drug purchase from Russell s house, Agent Satcher’s presence during the transaction was not necessary to the issuing judge’s probable-cause determination.
 

 ¶ 12. For these reasons, we find Russell fails to show newly discovered evidence to circumvent the subsequent writ bar.
 

 IV. FORFEITURE OF EARNED-TIME CREDITS
 

 ¶ 13. In denying Russell’s second PCR motion, the circuit court deemed his motion frivolous. Russell claims the circuit judge abused his discretion by making this finding and ordering the Mississippi Department of Corrections dock sixty days of Russell’s earned time.
 

 ¶ 14. Mississippi Code Annotated section 47 — 5—138(3)(a) (Supp.2010) defines a “final order” as “an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted.” Section 47-5-138(3)(b)(i) directs: “On receipt of a final order, the department shall forfeit: (i) Sixty (60) days of an inmate’s accrued earned time if the department has received one (1) final order as defined herein[.]” Miss. Code Ann. § 47-5-138(3)(b)(i) (Supp.2010).
 

 ¶ 15. When determining the frivolousness of a case brought in forma pauperis, courts must ask: “(1) does the complaint have a realistic chance of success; (2) does it present an arguably sound basis in fact and law; and (3) can the complainant prove any set of facts that would warrant relief.”
 
 Dock v. State,
 
 802 So.2d 1051, 1056 (¶11) (Miss.2001). “A trial court’s conclusion that a motion is frivolous is reviewed for abuse of discretion.”
 
 Id.
 

 ¶ 16. Russell entered a voluntary guilty plea, which waived his right to challenge the search warrant. The Mississippi Supreme Court has upheld sanctions forfeiting earned time in cases where PCR motions have been deemed frivolous in the face of voluntary guilty pleas.
 
 See Moore v. State,
 
 986 So.2d 928, 936 (¶¶ 24-26) (Miss.2008) (upholding circuit court’s imposition of forfeiture of sixty days’ earned time based on finding that voluntary guilty plea rendered PCR motion meritless and frivolous);
 
 Dock,
 
 802 So.2d at 1056-57 (¶ 12) (same).
 

 ¶ 17. We further note this is Russell’s second PCR motion. And aside from the waiver and procedural bar, his present PCR motion offers nothing more than con-clusory allegations framed as newly discovered evidence. Because his subsequent attack had no realistic chance of success, was not premised upon an arguably sound basis in fact and law, and sets forth no facts that would warrant relief, we find the circuit court did not abuse its discretion in deeming the PCR motion frivolous and ordering the forfeiture of sixty days of Russell’s earned-time credit.
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. RUSSELL, J., NOT PARTICIPATING.