FAIR, J.,
for the Court:
¶ 1. In 2002, Brian Van Norman pled guilty to aggravated assault and the Wilkinson County Circuit Court sentenced him to ten years’ imprisonment. In 2010, he filed a motion for post-conviction relief (PCR). After an evidentiary hearing, the trial judge denied his motion. Because Van Norman’s PCR motion is time-barred, and the trial court acted within its discretion, we affirm the trial court’s judgment.
FACTS
¶ 2. Jimmy Jackson, who was age fourteen at the time, told law enforcement officers Norman had shot at him six times after a verbal altercation. Jackson was not injured. In a statement he wrote in July 1999, Jackson stated that Van Norman shot at him. In a victim-impact statement he submitted just prior to Van Norman’s sentencing, Jackson also wrote: “Even though Bryan [sic] tried to shoot me, I would never wish he spend a long period of time in jail.”
¶ 3. Van Norman was sentenced to serve ten years after the completion of another sentence he was already serving. More than eight years later on October 1, 2010, he filed his PCR motion “with an affidavit attached as its centerpiece.” The affidavit was dated April 28, 2009, approximately a year and a half earlier. It was signed by Jackson and stated that Van Norman did not assault him and was wrongfully' convicted of assault. During an evidentiary hearing held in February 2011, Jackson testified that Van Norman only fired one shot, and it was into the air and not toward him. On cross-examination, however, Jackson admitted that in 1999 he had given the prior statement to the contrary, i.e., that Van Norman shot at him six times as he walked away.
¶ 4. Under further cross-examination, Jackson admitted that the affidavit was brought to him, and “he just signed it and didn’t read it.” He went on to say: “[W]ell, since it had been so long, I wanted to drop the charges,” and “I think he served his time for it.”
¶ 5. Continuing on, Jackson admitted that at Van Norman’s sentencing hearing, he had said: “Brian’s family has attempted to indicate that I brought this situation on myself. Members of his family have tried to intimidate and frighten me because of this[,] but I just ignore them. Despite all of these things that have happened I sympathize with Brian.” He added that “even though Bryan [sic] tried to shoot me, I would never wish he spend a long period of time in jail.”
¶ 6. In addition to Jackson’s statement, the State introduced handwritten state *801 ments made shortly after the shooting by three witnesses. The witnesses stated that they observed the argument and saw Jackson running and Van Norman shooting at him six or seven times. Van Norman pled guilty to aggravated assault based on the facts contained in the statements by Jackson and the three witnesses, along with a written petition for acceptance of his guilty plea. All of this was presented to the trial judge in a plea-colloquy proceeding before the guilty plea was accepted.
¶ 7. After the evidentiary hearing, the trial court entered an order denying Van Norman’s PCR motion. Van Norman appeals from a motion for reconsideration of that denial.
STANDARD OF REVIEW
¶ 8. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008).
DISCUSSION
¶ 9. Van Norman pled guilty, so he had three years from the entry of the judgment of his conviction to file a PCR motion pursuant to Mississippi Code Annotated section 99-89-5(2) (Supp.2012). Claims made outside of the three-year statute of limitations must raise one of the exceptions found in Mississippi Code Annotated section 99-39-5(2)(a)-(b). “Accordingly, we must look to see whether an exception to these procedural bars applies. The movant bears the burden of showing he has met a statutory exception.” Bell v. State, 95 So.Bd 760, 763 (¶ 10) (Miss.Ct. App.2012) (citation omitted).
¶ 10. The only statutory exception asserted by Van Norman is newly discovered evidence. The time-bar does not apply where a PCR movant shows “he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.” Miss.Code Ann. § 99-39-5(2)(a)(i).
¶ 11. The Mississippi Supreme Court has explained that one seeking a new trial based on newly discovered evidence must make four showings: (1) the new evidence was discovered after the trial; (2) it could not by due diligence have been discovered prior to trial; (3) it is material to the issue and not merely cumulative or impeaching; and (4) the new evidence will probably produce a different result or verdict in the new trial. See Crawford v. State, 867 So.2d 196, 203-04 (¶ 9) (Miss.2003). Relief must be denied if the movant fails to meet any one of these four elements. Id.
¶ 12. Because of the nature of Van Norman’s claims, the trial judge properly set and conducted an evidentiary hearing on the record. “An evidentiary hearing is held so that the trial court can better evaluate the testimony of the recanting witness.” Rushing v. State, 873 So.2d 116, 119 (¶ 4) (Miss.Ct.App.2003) (citing Hardiman v. State, 789 So.2d 814, 817 (¶ 12) (Miss.Ct.App.2001)).
¶ 13. Van Norman did not present any new evidence meeting the requirements for a new trial. At the hearing, more than nine years after Van Norman’s guilty plea, Jackson testified that Van Norman did not assault him and was “mistakenly convicted.” This testimony completely contradicts statements given by Jackson shortly after the crime and at the time of Van Norman’s sentencing. It also contradicts the statements of the three eyewitnesses to the shooting. Jackson fur *802 ther admitted that, when presented with the affidavit, he “just signed it and didn’t read it.”
¶ 14. “Recanting testimony has been shown to be extremely unreliable and should be approached with suspicion.” Peeples v. State, 218 So.2d 436, 439 (Miss.1969); see also Russell v. State, 849 So.2d 95, 107 (¶ 15) (Miss.2003) (“Recanted testimony is exceedingly unreliable, and is regarded with suspicion[.]”). In this case, Jackson recanted his original statements made to law enforcement. The State’s three witnesses still agreed with his original account.
¶ 15. “It is the right and duty of the trial court to deny a new trial where it is not satisfied that such recantation testimony is true and especially is this true where the recantation involves a confession of perjury.” Rushing, 873 So.2d at 119-20 (¶ 6); see also Russell, 849 So.2d at 107 (¶15).
¶ 16. The trial judge, sitting without a jury, is the sole judge of the weight and credibility of the evidence. City of Jackson v. Lipsey, 834 So.2d 687, 691 (¶ 14) (Miss.2003). “In the end[, the appellate court is] reviewing a finding of ultimate fact, one made by a trial court sitting without a jury.” Yarborough v. State, 514 So.2d 1215, 1220 (Miss.1987). This Court does not reverse such findings of fact where they are supported by substantial and credible evidence. Id.
¶ 17. It appears that the trial judge only gave credence to Jackson’s statement that “since it had been so long, [he] wanted to drop the charges.” The judge could easily have concluded Jackson had ceased ignoring the Van Norman family’s attempts to “intimidate and frighten” him.
CONCLUSION
¶ 18. When reviewing a trial court’s decision to deny a PCR motion, an appellate court will not disturb the trial court’s factual findings unless “they are found to be clearly erroneous.” Callins, 975 So.2d at 222 (¶ 8). In other words, “[a] trial judge’s finding will not be reversed unless manifestly wrong.” Hersick v. State, 904 So.2d 116,125 (¶ 31) (Miss.2004).
¶ 19. The trial judge’s findings in this case are neither clearly erroneous nor manifestly wrong. We do not disturb or reverse them.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.