# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01447-COA

**EVELYN LUCILLE MASSEY**                                                      **APPELLANT**

**v.**

**JAMES DUDLEY NEELY**                                                           **APPELLEE**

DATE OF JUDGMENT:              03/05/2019
TRIAL JUDGE:                  HON. EDDIE H. BOWEN
COURT FROM WHICH APPEALED:    SIMPSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       CAROL BURKE TURNER
ATTORNEY FOR APPELLEE:        JAMES DUDLEY NEELY (PRO SE)
NATURE OF THE CASE:           CIVIL - OTHER
DISPOSITION:                  AFFIRMED - 01/12/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     James Neely filed a complaint for replevin of personal property against Evelyn Massey in the Simpson County Circuit Court. Following a hearing, the circuit court entered a judgment in Neely's favor and ordered Massey to return the personal property to Neely. On appeal from the circuit court's judgment, Massey argues that (1) venue in Simpson County was improper; (2) Neely's complaint for replevin failed to comply with the statutory requirements of Mississippi Code Annotated section 11-37-101 (Rev. 2019); and (3) the circuit court's judgment was contrary to the weight of the evidence. Finding no error, we affirm the circuit court's judgment.

**FACTS**

¶2.    On July 9, 2018, Neely filed a complaint for replevin of certain personal property that he alleged Massey had wrongfully retained.  Neely's complaint provided a list of the items at issue and stated that the total value of the items exceeded $7,500.  In her response to Neely's complaint, Massey asserted that Neely had given the items to her as inter vivos gifts.

¶3.    On March 5, 2019, the circuit court conducted a hearing on Neely's replevin claim. Neely testified that he and Massey had dated from 2016 to 2017 and had left personal property at each other's residences during the course of their relationship.  Neely explained that both he and Massey participated in cowboy-mounted shooting and had attended shows and competitions together.  The personal property that Neely sought to recover consisted of various items such as guns, equipment, and clothing needed to participate in cowboy-mounted shooting.  Neely stated that he had stored the items in Massey's trailer, which he and Massey had planned to drive to a show in Las Vegas, Nevada.  Neely testified that the couple ended up not attending the Las Vegas show but that his personal property had remained in Massey's trailer even after the couple stopped dating.  According to Neely, Massey had agreed to meet his friend Tim Sellers when she attended a show in Meridian, Mississippi, and to transfer the items into Sellers's possession.  Neely testified that Sellers then planned to return the items to him.

¶4.    Sellers testified that Neely had asked him to meet Massey at the Meridian show, where Massey would give Sellers several items of Neely's personal property in her possession. Sellers further testified that he planned to store Neely's personal items at his own residence until Neely returned from out of town to retrieve them.  Sellers stated that when he met

Massey at the Meridian show, she informed him that she had not brought Neely's items with her. Sellers testified that Massey knew which items he was talking about and that she acknowledged as much to him. According to Sellers, Massey stated that she and Neely "would get together[,] and she would get . . . [the items] back to him [(Neely)]."

¶5. Massey testified as well and denied that she ever met with Sellers at the Meridian show. She further denied ever having had a conversation with Sellers about transferring the items at issue to his possession. According to Massey, Neely had given her the items as gifts during their dating relationship. Massey testified that some of the items listed in Neely's complaint had never been in her possession. At that point in Massey's testimony, the circuit court recessed the hearing and ordered the parties and their attorneys to provide a corrected list of items that were in Massey's possession.

¶6. When the hearing resumed, Neely's attorney moved to mark the corrected list of items as an evidentiary exhibit. On cross-examination, Massey testified that she recognized the corrected list of items and that both she and her attorney had agreed to the inclusion of each item on the corrected list. Massey further testified that each of the items on the corrected list was in her possession. She maintained, however, that Neely had given her the items as gifts.

¶7. Following the hearing, the circuit court issued a bench ruling in favor of Neely. The circuit court found Neely's and Sellers's testimonies more credible than Massey's testimony and determined that Neely had met his burden of proof for his replevin claim. The circuit court ordered Massey to return the items on the corrected list to Neely within forty-eight hours.

3

¶8.     Massey filed a motion to set aside the circuit court's March 5, 2019 final judgment. For the first time, Massey asserted in her post-trial motion that the circuit court had lacked subject-matter jurisdiction over the replevin claim because venue was proper in Coahoma County, where Massey resided and where the personal property at issue was located. Massey also claimed for the first time that Neely's complaint had failed to comply with all the statutory requirements for replevin. Following a hearing, the circuit court denied Massey's post-trial motion. Aggrieved, Massey appeals.

## STANDARD OF REVIEW

¶9.     "When a trial judge sits without a jury, [we] will not disturb his factual determinations where there is substantial evidence in the record to support those findings. The general rule is that the [appellate c]ourt will affirm unless the circuit court was manifestly wrong." *Stratton v. McKey*, 298 So. 3d 999, 1002-03 (¶10) (Miss. 2020) (citations and internal quotation mark omitted). We review questions of law de novo. *Id.* at 1003 (¶10).

¶10.    Here, Neely filed no appellee's brief. As the Mississippi Supreme Court explained in *Stratton*:

> [T]wo alternative approaches [exist] for reviewing a case in which the appellee has neglected to file a brief. First, the Court may accept [the] appellant's brief as confessed and reverse. That is the appropriate course of action when the record is voluminous or complicated and the appellant's thorough treatment of the issues in the brief makes out an apparent case of error. The second alternative is to disregard the appellee['s] error and affirm. This alternative should be used when the record can be conveniently examined and such examination reveals a sound and unmistakable basis or ground upon which the judgment may be safely affirmed.

*Id.* at (¶11) (citations and internal quotation marks omitted).

¶11. The present record is neither voluminous nor complicated. *Id.* Moreover, Massey's appellate brief fails to establish an apparent error in the circuit court's judgment, and our examination of the record reveals a sound basis for affirming the judgment. *Id.* We therefore decline to accept Massey's brief as confessed and instead discuss the merits of her arguments on appeal.

## DISCUSSION

### I.    Venue

¶12. Mississippi Code Annotated section 11-37-107 (Rev. 2019) provides that "[t]he action of replevin may be instituted in the circuit [court] . . . of a county in which the defendant, . . . or property, or some of the property, may be found, and all proper process may be issued to other counties." Massey resides in Coahoma County, and the personal property at issue was located at her residence in Coahoma County. Thus, Massey contends that the proper venue for Neely's replevin complaint was Coahoma County rather than Simpson County and that the circuit court lacked jurisdiction over the matter.

¶13. Massey first raised the issue of venue in her post-trial motion to set aside the circuit court's final judgment. As this Court has stated:

> [O]ther than in certain special classes of local actions, venue is *not* jurisdictional, and the fact that a case is filed in an improper venue does not of itself affect the right of the court to hear and determine the case on the merits. The Mississippi Rules of Civil Procedure make this clear. Rule 12(h)(1) provides that venue is an affirmative defense that is waived if it is not timely asserted by motion or answer. And Rule 82(d) provides that when an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed.

5

*Fluker v. State*, 200 So. 3d 1148, 1149 (¶3) (Miss. Ct. App. 2016) (citations, internal quotation marks, and footnotes omitted). Even before the enactment of section 11-37-107, our supreme court held that replevin is not included in those special classes of local actions where venue is jurisdictional. *See King v. Ainsworth*, 225 Miss. 248, 250, 83 So. 2d 97, 98 (1955). Instead, the *King* court held that venue could be waived in replevin actions and that the defendant in *King* had done so when he failed to object, appeared in the replevin action, participated in the trial, and failed to apply for a transfer of venue in a timely manner. *Id.*

¶14. Here, Massey failed to plead improper venue as an affirmative defense or to raise the issue in a timely filed motion. As the record reflects, Massey never raised improper venue in a pre-answer motion, her answer to Neely's complaint, or a motion to transfer venue. Moreover, Massey appeared in the Circuit Court of Simpson County with her attorney and participated in a hearing on the merits of Neely's replevin claim. We therefore find that Massey waived the issue of improper venue.

## II.    Claim for Replevin

¶15. Massey also contends that Neely's complaint failed to comply with the statutory requirement to provide the value of each article of personal property. In addition, she argues that the circuit court's judgment was contrary to the weight of the evidence because the evidence established that Neely gave her the personal property as gifts. For the sake of brevity, we address these two assignments of error together.

¶16. To establish his claim for replevin, Neely had to set forth the following: (1) a description of the personal property at issue; (2) "the value of each separate article and the

value of the total of all articles"; (3) his entitlement "to the immediate possession" of the property; (4) Massey's possession of the property; and (5) Massey's wrongful retainment of the property. Miss. Code Ann. § 11-37-101.

¶17. At the hearing, Neely testified that he had stored his personal property in Massey's trailer with the expectation that he and Massey would drive the trailer to a show in Las Vegas. The parties never attended the show, and after they ended their relationship, Neely testified that he arranged with Massey for her to give his personal items to Sellers. Sellers confirmed that at Neely's request, he met Massey in Meridian and spoke with her about claiming Neely's items. Sellers testified that Massey knew which personal items he was inquiring about but stated that she would meet with Neely herself and return the items. Contrary to Neely's and Sellers's testimonies, Massey denied ever meeting with Sellers or discussing with him the return of Neely's items. Massey further maintained that Neely had given her the items in question as completed inter vivos gifts.

¶18. As Massey asserts on appeal, Neely's complaint failed to provide the specific value of each article of personal property at issue. The record also reflects that Neely never provided any testimony or evidence at the hearing regarding each item's specific value. We find the omission of any itemized values unsurprising, however, given Massey's own testimony that the items were all used and included "old rusted" handguns, "flimsy" and "rusted" holsters, and "dirty" and "stained" shirts. Further, despite the omission of specific values for each article, Massey never raised an objection prior to or during the hearing. *See Fairley Constr. Servs. Inc. v. Savage*, 265 So. 3d 203, 213 (¶40) (Miss. Ct. App. 2019)

7

(recognizing that the failure to object at trial waives the issue on appeal). In addition to raising no objection, Massey and her attorney actually helped Neely provide the circuit court with a corrected list of items during the hearing.

¶19. While testifying, Massey stated that certain items included in Neely's complaint had never been in her possession. Following Massey's statement, the circuit court recessed the hearing and ordered the parties to correct the list of items at issue. When the hearing resumed, Neely's attorney moved to mark the corrected list as an evidentiary exhibit. On cross-examination, Massey confirmed that she and her attorney had agreed to each item contained on the corrected list and that each of the items was in her possession. As stated, at no point did Massey raise an objection to the corrected list on the basis that the list failed to include specific values for each item.

¶20. After considering the parties' evidence, the circuit court found that Neely had met his burden of proof for replevin. The circuit court found Neely's and Sellers's accounts of events to be more credible than Massey's claim that Neely had given her the items at issue as gifts. "In a bench trial, the trial judge is charged with the responsibility of weighing and considering the conflicting evidence of the witnesses and determining whose testimony should be believed." *Williams v. State*, 269 So. 3d 192, 195 (¶8) (Miss. Ct. App. 2018) (quoting *Van Norman v. State*, 114 So. 3d 799, 802 (¶16) (Miss. Ct. App. 2013)). "We cannot reweigh the evidence and must defer to the trial judge's findings of the facts, so long as they are supported by substantial evidence." *Estate of Burgess v. Trotter*, 269 So. 3d 284, 287 (¶10) (Miss. Ct. App. 2018) (quoting *Stasher v. Perry*, 217 So. 3d 765, 772 (¶31) (Miss.

Ct. App. 2017)). Upon review, we conclude that substantial record evidence supports the circuit court's finding that Neely established his claim for replevin. As a result, we find no manifest error in the circuit court's judgment.

## CONCLUSION

¶21. Because the record reflects substantial credible evidence to support the circuit court's finding that Neely established his claim for replevin, we affirm the circuit court's final judgment.

¶22. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**