# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00406-COA

**WENDELL DUNCAN A/K/A WENDELL A.
DUNCAN A/K/A WENDELL AVERY DUNCAN**                APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2023 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WENDELL DUNCAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/23/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND SMITH, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Wendell Duncan appeals from the Washington County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). Duncan argues that the circuit court erred when dismissing his request for PCR as moot. After reviewing the record, we find no error and affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2. On December 20, 1994, Duncan was convicted of conspiracy and burglary. He was sentenced to serve five years as a habitual offender for the conspiracy conviction and seven years as a habitual offender for the burglary conviction. The trial court ordered that his sentences run consecutively.

¶3. On March 28, 1995, Duncan was convicted of armed robbery and sentenced to thirty years as a non-habitual offender. This sentence was ordered to run consecutively to his sentence for his 1994 convictions. Months later, Duncan was convicted of simple assault on a law enforcement officer and sentenced to five years as a habitual offender. This sentence was also ordered to run consecutively to all of his previous sentences.

¶4. Duncan's sentence computation record showed that his tentative discharge date was June 16, 2035, and his maximum discharge date was July 4, 2041. The record also revealed that his earliest parole date was July 10, 2016.

¶5. Duncan completed his sentences for the conspiracy and non-residential burglary convictions in July 2006. He then began serving his thirty-year sentence for the armed robbery conviction. In July 2016, Duncan became eligible for parole after serving ten years of his thirty-year sentence, pursuant to Mississippi Code Annotated sections 47-7-3 (Supp. 2016) and 97-3-79 (Rev. 2014). The Mississippi Parole Board granted him parole on August 8, 2017. Duncan then began serving his five-year sentence for the conviction of simple assault of a law enforcement officer. Duncan completed this sentence in August 2022; however, he was not released from MDOC's custody.

¶6. On October 7, 2022, Duncan filed a PCR motion with the circuit court, alleging that he was being unlawfully held because he had completed all his sentences. The circuit court ordered the district attorney to respond to his motion. The State filed its response on November 29, 2022. In the response, the State noted that "Petitioner's earliest possible release date would have been in August of 2022."

2

¶7.     While his motion was pending, Duncan was paroled and released from MDOC's custody on January 5, 2023.

¶8.     On February 7, 2023, the circuit court entered an order denying Duncan's PCR motion and dismissing the issue as moot since he was no longer in custody. Duncan subsequently filed a motion to reconsider. The court denied that motion on February 17, 2023. Aggrieved, Duncan filed his notice of appeal on April 10, 2023.

¶9.     On June 27, 2023, after Duncan filed his appellant's brief, the State filed a motion to dismiss. The State argues that the case is moot because Duncan had already been released from MDOC's custody. This Court ordered that the motion be passed for consideration with the merits of the appeal.

**STANDARD OF REVIEW**

¶10.    "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)). "The [S]upreme [C]ourt has explained that '[a] finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made.'" *Whitehead v. State*, 299 So. 3d 899, 904 (¶15) (Miss. Ct. App. 2020) (quoting *Johns v. State*, 926 So. 2d 188, 196 (¶36) (Miss. 2006)). "As the PCR movant, [Duncan] 'has the burden of showing [he] is entitled to relief by a preponderance of the evidence.'" *Id*. (quoting *Kidd*

3

*v. State*, 221 So. 3d 1041, 1043 (¶8) (Miss. Ct. App. 2016)).

## DISCUSSION

**Whether the circuit court erred by ruling Duncan's PCR motion is moot because he had already been released on parole.**

¶11. In his motion for reconsideration, Duncan attempts to argue that his sentences had expired[1] and that he should be released because "he could only be on parole or probation for . . . 5 years." However, the record confirms that he is still on parole because he only served ten of the thirty years he received for his armed robbery conviction. He did not pursue this argument in his appellate brief. On appeal, Duncan argues that he was unlawfully detained because he should have been released after completing his sentence for the simple assault on a law enforcement officer. Specifically, he states that his sentence for that conviction was completed on August 8, 2022, but he remained in MDOC's custody until January 5, 2023.

¶12. While Duncan's PCR motion was pending in the circuit court, he was released from MDOC's custody. The State argues that this rendered his motion moot because he obtained the relief that he was seeking in his PCR motion. We agree.

¶13. Now that Duncan has been released on parole, there is no longer an existing controversy. *See Tucker v. Miss. Dep't of Corr.*, 118 So. 3d 690, 692 (¶7) (Miss. Ct. App.

---

[1] To the extent that Duncan argues that he has completed his entire sentence, he is mistaken. Duncan cites Mississippi Code Annotated section 47-7-37, which provides that a term of supervised probation or post-release supervision may not exceed five years. However, this limitation does not apply to release on parole. *See Moore v. State*, 585 So. 2d 738, 740 (Miss. 1991) (explaining the "distinction between release on probation by the circuit or county courts . . . and release on parole by the State Parole Board"). Although Duncan has been released on parole, he "shall remain in [MDOC's] legal custody" until he has finished serving his armed robbery sentence. Miss. Code Ann. § 47-7-17(2) (Rev. 2023).

2013) ("[C]ases in which an actual controversy existed at trial[,] but the controversy has expired at the time of review, become moot."). In *Tucker*, the appellant argued that he was unlawfully detained because he was not provided with his parole eligibility date. *Id*. at (¶6). After being denied relief by MDOC and the Sunflower County Circuit Court, he appealed. *Id*. at (¶4). While his appeal was pending, MDOC provided him with his parole eligibility date. *Id*. at (¶7). This Court held that there was no longer an existing controversy because Tucker had already received the relief he was requesting, and a judgment on the merits would have been of no practical benefit to him. *Id*. (citing *Fails v. Jefferson Davis Cnty. Pub. Sch. Bd.*, 95 So. 3d 1223, 1225 (¶10) (Miss. 2012)).

¶14. We find that there is no longer an existing controversy in this case because, like Tucker, Duncan has already received the relief that he is requesting. He was released on parole while his PCR motion was still pending in the circuit court. We have "no authority to 'entertain an appeal where there is no actual controversy.'" *Fails*, 95 So. 3d at 1225 (¶10) (citing *Gartrell v. Gartrell*, 936 So. 2d 915, 916 (Miss. 2006)). Furthermore, a judgment would be of no practical benefit to Duncan; it would merely be advisory. "[T]he review procedure should not be allowed for the purpose of settling abstract or academic questions, . . . and [this Court has] no power to issue advisory opinions." *Allred v. Webb*, 641 So. 2d 1218, 1220 (Miss. 1994) (quoting *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466-67 (Miss. 1980)). Accordingly, the issue before us is moot.

¶15. "Given that this Court does not adjudicate moot questions, dismissal is the only appropriate disposition of the instant case." *Fails*, 95 So. 3d at 1226 (¶14). Thus, we affirm

the circuit court's order denying and dismissing his PCR motion as moot.

¶16.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**